Filed 3/15/13   Beebe v. Sells CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DEBORAH BEEBE, Individually and as Successor in Interest, etc., <br><br>        Plaintiff, Cross-defendant and Appellant, <br><br>        v. <br><br> RICHARD SELLS, Individually and as Trustee, etc., <br><br>        Defendant, Cross-complainant and Respondent. | D058698 <br><br><br> (Super. Ct. No. 37-2009-00093754-CU-OR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Jay M. Bloom, Judge.  Affirmed.

In this dispute between siblings, the trial court found the plaintiff lacked standing to assert claims on behalf of her deceased mother.  We agree and affirm the trial court's order dismissing the plaintiff's claims.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Acquisition of Property*

Plaintiff, cross-defendant and appellant Deborah Beebe (Deborah) and her brother, defendant, cross-complainant and respondent Richard Sells (Richard), are the only children of Julie Sells (Julie) and Stephen Sells (Stephen). Julie and Stephen are now both deceased.

While they were alive, Julie and Stephen made gifts of money to both Deborah and Richard, which each child used as down payments on real property they each acquired. In each instance, one of the parents was added to the deed by which the property was acquired as a joint tenant with the right of survivorship. Thus, Deborah acquired a duplex in the 1980's in Oregon with a down payment provided by her parents, and Stephen was named in the deed as a joint tenant. When Stephen later died, Deborah became the sole owner.

Richard acquired two pieces of property in a similar manner: a Lemon Grove apartment complex and an office building on West Redwood Street in San Diego. When Richard acquired the Lemon Grove apartment complex, in addition to Stephen, Deborah was also named as a joint tenant. When Stephen died, Richard and Deborah remained on the deed as joint tenants and later, when Richard established a formal estate plan, Deborah quitclaimed her interest in the apartment complex to Richard.

When Richard acquired the West Redwood Street office building in 1997, he and Julie appeared on the grant deed as joint tenants with a right of survivorship. In August 1998, Julie suffered a debilitating stroke which left her unable to speak. Because of her

2

fairly profound disability, Richard took over management of Julie's financial and medical affairs under the terms of a durable power of attorney.

In 2003, on the advice of an estate planning attorney, Richard obtained from Julie a quitclaim deed of her interest in the West Redwood Street property. On the same day Julie quitclaimed her interest in the property to Richard, Richard quitclaimed his interest in the building to his inter vivos trust.

In 2006, Julie passed away.

2. *Litigation*

In August 2009, Deborah filed a lawsuit against Richard. Deborah alleged causes of action for financial elder abuse, conversion, fraud, quiet title, an accounting, constructive trust, and a determination under Probate Code section 259 that by virtue of his improper acts Richard be deemed to have predeceased his mother. Deborah's claims related to the Lemon Grove apartment complex, the West Redwood Street office building and Richard's management of Julie's financial affairs following Julie's stroke. Richard filed a cross-complaint in which he sought to quiet title to the Lemon Grove and West Redwood Street properties.

Prior to trial, Deborah dismissed her claims related to the Lemon Grove apartment complex. Both parties waived their right to a jury. At trial, both Deborah and Richard testified about their parents, their acquisition of real estate, and their mother's condition following her stroke.

Following the trial, the trial court issued a statement of decision in which the trial court found that Deborah lacked standing to assert claims on her mother's behalf and that

3

in any event her claims lacked merit.

## DISCUSSION

At the time of trial, all of Deborah's claims against Richard were derivative claims based on Deborah's allegations that Richard had unlawfully acquired real and personal property which belonged to Julie. In general, the personal representative of a decedent's estate has standing to pursue any claims which survived the decedent's death. Code of Civil Procedure section 377.30 provides in pertinent part that an action on such surviving claims "may be commenced by the decedent's personal representative *or*, *if none*, by the decedent's successor in interest." (Italics added.)

Where there is no personal representative, Code of Civil Procedure sections 377.10 and 377.11 provide alternative standing to the successors in interest of a deceased person. The standing provided by Code of Civil Procedure sections 377.10 and 377.11 is limited to either *all* of the beneficiaries under a decedent's will or *all* of the decedent's heirs under Probate Code sections 6401 and 6402. (Code Civ. Proc., §§ 377.10 & 377.11.)[1] As the trial court noted, if Deborah was successful in having Richard deemed to have predeceased his mother under Probate Code section 259, she would be the sole heir and that possibility would provide her with standing to pursue her elder abuse claims. (See *Estate of Lowrie* (2004) 118 Cal.App.4th 220, 230-231.)

However, the alternative standing provided to legatees and heirs under sections 377.10 and 377.11 is subject to the further requirement that the plaintiff file a declaration

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

4

which states either that there is no proceeding for administration of the decedent's estate pending in California or that there is a final probate court order distributing the cause of action to the plaintiff. (§ 377.32, subd. (a)(3), (4).) This procedural limitation on the alternative standing provided by sections 377.10 and 377.11 is self-evidently necessary to prevent conflicting orders and judgments as well as interference with a probate court's administration of an estate where a decedent's estate is in fact subject to pending probate proceedings. The requirement is also consistent with the express terms of section 377.30, which provides standing to a decedent's legatees or heirs, but only if the decedent has no personal representative.

Deborah did not file a declaration meeting the requirements of section 377.32 at any point during litigation of her claims in the trial court. While we agree with the court in *Parsons v. Tickner* (1995) 31 Cal.App.4th 1513, 1523-1524, that the requirements of section 377.32 are in the nature of a plea in abatement and may in theory be cured at any time (see 5 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 1140, p. 566), because the record here shows the trust proceeding was pending at the time of trial and thus the possibility of conflicting determinations of Deborah's claims and interference with administration of the trust still existed, the trial court could properly conclude Deborah would not be able to file the declaration required by the statute.[2] Accordingly, the trial

---

2    We note that the parties did not present any evidence in the trial court with respect to whether any cause of action against Richard was the property of Julie's inter vivos trust or whether the claims Deborah made against Richard were related to trust property. If they were, such claims were the subject not only of the requirements of Code of Civil Procedure section 377.32, but also of the exclusive jurisdiction of the probate court. (See

5

court did not err in finding Deborah did not have standing.

DISPOSITION

The judgment is affirmed. Richard to recover his costs of appeal.


BENKE, Acting P. J.

WE CONCUR:


McDONALD, J.


IRION, J.

---

*Saks v. Damon Raike & Co.* (1992) 7 Cal.App.4th 419, 429; Prob. Code, § 17000, subd. (a) [probate court has exclusive jurisdiction over actions and proceedings by or against creditors or debtors of trusts and "[o]ther actions and proceedings involving trustees and third persons"].)